IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

AIRCRAFT TECHNICAL PUBLISHERS, a California corporation,

    Plaintiff,

v.

TDATA, INC., an Ohio corporation,

    Defendant.

Case No. C 04 1679

Judge

## DEFENDANT TDATA, INC.'S MEMORANDUM CONTRA TO PLAINTIFF ATP'S MOTION FOR RULE 11 SANCTIONS

**I.     INTRODUCTION**

In an attempt to litigate Defendant Tdata, Inc. into submission, on June 1, 2004, Plaintiff Aircraft Technical Publishers filed three different motions in two different courts making identical allegations and arguments.  California counsel for Plaintiff Aircraft Technical Publishers Inc. filed a Notice of Motion and Motion for Rule 11; Memorandum of Law and Support Thereof in the United States District Court for the Southern District of Ohio.  California counsel also filed Notice of Motion and Motion for Rule 11 Sanctions Memorandum of Points and Authorities of Support Thereof in the United States District Court in and of the Northern District of California (San Francisco Division).  Ohio counsel for Plaintiff Aircraft Technical Publishers filed "Motion to Strike Plaintiff's First Amended Complaint; Memorandum of Law and Support Thereof" in the Southern District of Ohio.  Defendant Tdata, Inc. ("Tdata") now files a Memorandum Contra to California counsel's Notice of Motion and Motion for Rule 11 Sanctions.  Tdata was also forced to file a separate Memorandum Contra to the Motion for Sanctions in Ohio and Ohio counsel's Motion to Strike Plaintiff's First Amended Complaint.

## II. **FACTUAL BACKGROUND**

On March 27, 2003, Tdata, Inc. ("Tdata") filed a Complaint for Declaratory Judgment, Injunctive Relief and Damages against Plaintiff Aircraft Technical Publishers ("ATP") in the United States District Court for the Southern District of Ohio. Tdata requested that the Court find that Patent Nos. 5,987,474 ("474 Patent") and 6,292,806 ("806 Patent") both entitled "computer aided maintenance and repair information systems for equipment subject to regulatory compliance" were invalid and unenforceable.

On June 2, 2003, ATP was served with the Complaint, which it answered on September 2, 2003, with a Motion to Dismiss for Lack of Case or Controversy and/or Subject Matter Jurisdiction. On February 11, 2004, the Southern District of Ohio denied ATP's Motion to Dismiss finding that this Court had subject matter jurisdiction.

On February 23, 2004, the parties prepared a Rule 26(f) Report of the Parties. On February 26, 2004, ATP filed an Answer and Counterclaim which Tdata answered on March 17, 2004.

On April 28, 2004, ATP began the discovery process and served its first request for production of documents and interrogatories on Tdata.

On April 29, 2004, ATP filed a new complaint in California for infringement of related Patent No. 5,778,381 entitled "computer aided maintenance and repair information system for equipment subject to regulatory compliance" ("381 Patent") and trademark infringement ("the California case").

On May 18, 2004, ATP filed a Motion to Transfer Venue for Convenience.

2

On May 21, 2004, Tdata amended its Complaint in the Southern District of Ohio to include a cause of action for declaratory judgment that the 381 Patent was invalid and unenforceable.

On May 25, 2004, Tdata filed a Motion to Dismiss and/or Motion to Stay and/or Motion to Transfer to the Southern District of Ohio.

On June 1, 2004, ATP filed the present Motion for Sanctions in Ohio and California and a Motion to Strike the Amended Complaint.

### III.   LAW AND ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that parties may amend their pleadings by leave of court, which shall be freely given when justice so requires. "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movement, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of the amendment, futility of the amendment, etc -- the leave sought shall be freely given. "*Brooks v. Celeste*  39 F.3d 125, 130 (6th Circuit 1994); *Duggins v. Steak and Shake Inc.* 195 F.3d 828, 834 (6th Circuit 1999). To deny a motion to amend, a Court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah* 790 F.2d 557, 562, (6th Circuit 1986).

The Memorandum of First Pretrial Conference provides that any Motion to Amend the Pleadings or to Join the parties shall be filed by May 21, 2004. In counsel's experience, when the parties meet with a magistrate in the Southern District of Ohio in a pretrial conference, and agree on a date for amendment of the pleadings, the party amending the pleadings need not file a motion for leave to amend if the pleading is filed by the date agreed to by the parties. While the preliminary pretrial order does state that

the deadline is for motions related to the amendment of the pleadings, the practice is for counsel to simply file amended pleadings without otherwise seeking leave. (See Declarations of William H. Prophater, Jr., D. Wesley Newhouse, Michael S. Kolman, Esq. and John S. Marshall, Esq., Exhibits 1, 2, 3 and 4).

For example, in an unrelated case, *Buckman Enochs & Coss v. Christopher M. Petit, et al.* (Case No. C2 03 799) the Memorandum of First Pretrial Conference provides "Any motion to amend the pleadings or to join the parties shall be filed by February 15, 2004." (Exhibit A attached to Declaration of D. Wesley Newhouse). On February 15, 2004, the plaintiff filed its first amended complaint against all defendants without filing a Rule 15 motion. (Amended Complaint attached as Exhibit B to Newhouse Declaration). Two different defendants represented by two different counsel in that case simply filed an answer to the amended complaint on February 24, 2004, and February 27, 2004 respectively. (See Exhibits C and D attached to Newhouse Declaration). No motion to strike or motion for sanctions were filed in that case. Plaintiff was simply following local practice in filing the amended complaint prior to the Court mandated deadline to do so. In the present case, Plaintiff was required to amend the pleadings by May 21, 2004. On May 21, 2004, Plaintiff filed an Amended Complaint.

ATP can cite to no undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments or undue prejudice to establish Rule 11 Sanctions. ATP alleges that Tdata filed its amended complaint "frivolously for the sole purpose of carrying out its improper forum shopping in connection with the disputes between the parties" (Motion for Rule 11 Sanctions). This is simply not true.

As cited in Tdata's Motion to Dismiss, Stay or Transfer Venue, there is no issue as to forum shopping in patent cases because all appeals are heard by the federal court.  *Serco Services Co. v. Kelly Co, Inc.* 51 F.3d 1037, 1040 (Fed. Circuit 1995). Tdata clearly filed first in this case and is entitled to the protection of the first to file rule which provides that the courts in patent cases should prefer the forum of the first filed action.  *Genentech v. Eley Lilly & Co.* 1998 F.2d 931 (Fed. Circuit 1993).  ATP, by its actions has made a belated attempt at forum shopping in attempting to transfer this action to California contrary to the first to file rule.  Notably, ATP engaged in substantial litigation activities in the Southern District of Ohio case before belatedly trying to move the case from Ohio to California.

Plaintiff amended the complaint to include the 381 Patent.  Exhibit A of the original and amended complaint references Patent No. 381 and Tdata's potential infringement thereupon (Exhibit 5).  Patent No. 381 is not listed in Exhibit B of the Complaint and Amended Complaint, the January 17, 2003 correspondence from counsel for ATP to Mr. Thomas, President of Tdata (Exhibit 6).  ATP filed a complaint in the Northern District of California alleging infringement of Patent No. 381 and patent infringement, a copy of which has been previously filed with this court.  The alleged patent infringement of Patent No. 381 is of the same transaction and occurrence as the other two patents.  It involves the same Tdata products and identical patent description by ATP.  Defendant ATP will suffer no undue hardship in defending three claims in the same lawsuit regarding patents entitled "computer aided maintenance and repair information system for equipment subject to regulatory compliance."

The multiple motions filed by Defendant ATP are another instance of ATP's efforts to litigate plaintiff into submission.  Defendant ATP filed two different motions on

5

the same day in this court making nearly identical factual and legal allegations. The arguments are identical and there is no reason that only one motion could not have been filed. Additionally, after litigation was pending in the Southern District of Ohio for more than one year, defendant ATP instituted an action in California which caused plaintiff Tdata to engage in multi-state, multi-district litigation to defend itself. ATP filed essentially the same motion for sanctions in Ohio.

The court should not be receptive to defendant's tactics and should dismiss defendant's motion for sanctions. The issue of whether Tdata followed the pretrial order issued by the Southern District of Ohio is an issue for that court, not the District Court for the Northern District of California. This court should defer to the Southern District of Ohio and its local practice regarding the filing of amended pleadings.

## II.     CONCLUSION

WHEREFORE, for the above-stated reasons, Plaintiff Tdata respectfully requests this Court to dismiss the Motion for Sanctions and Motion to Strike and to award plaintiff Tdata sanctions and attorney's fees against ATP for its frivolous litigation tactics.

Respectfully submitted,

**LANE, ALTON & HORST**

D. Wesley Newhouse          (0022069)
wnewhouse@lah4law.com
William H. Prophater, Jr.       (0062318)
175 South Third Street, 7th Floor
Columbus, Ohio  43215
Tele:  (614) 228-6885
Fax:  (614) 228-0146
*Attorneys for Defendant Tdata, Inc.*

OF COUNSEL:
James R. Eley (0046646)
jim@eleylaw.com
ELEY LAW FIRM Co.
7870 Olentangy River Road, Suite 304
Columbus, Ohio 43235
Telephone: (614) 825-3539
Facsimile: (614) 854-9155

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Defendant Tdata, Inc.'s Memorandum Contra to Plaintiff's Motion for Rule 11 Sanctions was filed electronically on the _____ day of June, 2004. This filing may be accessed through that system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system as follows:

William C. Milks, III, Esq.
Russo & Hale LLP
401 Florence Street
Palo Alto, CA 94301

Theodore R. Remaklus, Esq.
Wood, Herron & Evans
441 Vine Street, Suite 2700
Cincinnati, OH 45202

William H. Prophater, Jr.

359536.1